UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MELVIA JEAN DUGAN, Individually )
and as Person Representative )
for the Estate of DANIEL O. )
DUGAN, Deceased, and for the )
wrongful death beneficiaries )
of DANIEL O. DUGAN, ) No. 3:11-0185
) Judge Nixon/Brown
    Plaintiff )
)
v. )
)
ASHLAND, INC., )
)
    Defendant )

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is adopted.

**1. Jurisdiction.** Jurisdiction is appropriate in this Court pursuant to 28 U.S.C.§1332, as diversity of citizenship exists and the amount in controversy exceeds $75,000.00. There are no issues relating to jurisdiction or service of process in this case.

**2. Plaintiff's Theory of the Case.** Daniel Dugan, deceased, was in an existing Services Agreement with defendant to provide maintenance, inspection and other services to defendant. On February 2, 2010, Mr. Dugan was directed by defendant to clean and inspect a heptane tank in their "tank farm." Mr. Dugan was not provided any safety training regarding the entry into the heptane tank. Mr. Dugan was informed that the tank had been empty for approximately six months. However, 700 to 800 gallons of heptane

had been drained from the tank the day before the incident. Defendant had multiple safety procedures in place to direct people, such as Mr. Dugan, in their entry into "Confined Spaces" as defined in the confined spaces entry plan. However, defendant failed to follow its own safety plans, failed to abide by State and federal regulations designed to ensure the safety of individuals doing the type of work for which Mr. Dugan was employed, failed to exercise reasonable care for the safety of Mr. Dugan, and was willful, wanton or reckless in its failures.

As a direct and proximate result of the ordinary negligence and negligence per se of defendant, Mr. Dugan entered into the confined space, was exposed to toxic levels of heptane and died. Plaintiff has filed a complaint seeking wrongful death and survival damages and punitive damages for the willful, wanton and reckless actions and inactions of the defendant.

**3. Defendant's Theory of the Case.** On February 1, 2010, Daniel Dugan arrived at a facility of Ashland, Inc. ("Ashland") in Nashville, Tennessee. Mr. Dugan was an employee of D&D Consulting and Construction, LLC who independently contracted with Ashland to perform services at Ashland's Tennessee facility. On February 2, 2010, Mr. Dugan arrived back at the facility to clean a tank. Ashland did not ask, direct or otherwise instruct Mr. Dugan to enter the confined space of any of its tanks. However, while at Ashland's facility, Mr. Dugan apparently entered a tank on the facility without following the proper safety procedures.

2

Unfortunately, Mr. Dugan was discovered unconscious at the bottom of a tank without the presence of the proper ventilation/respiratory equipment. Although Mr. Dugan was highly knowledgeable about hot work/confined space work situations and familiar with Ashland's policies and industry standards, Mr. Dugan's failure to follow proper safety protocols in entering the tank alone and without appropriate clearance or equipment resulted in his accidental death. Ashland has responded to Plaintiff's complaint denying any negligence, liability, or other relief sought by Plaintiff and asserts Mr. Dugan's comparative fault as a defense to the claims raised in Plaintiff's complaint.

**4. Identification of the Issues.** Issues include manner of death, amount of damages, comparative fault of Mr. Dugan and Mr. Dugan's employment status as it relates to the application of the Tennessee Workers' Compensation Act.

**5. Need for Other Claims or Special Issues Under Rules 13-15, 17-21 and Rule 23 of the Federal Rules of Civil Procedure.** It is not anticipated that there will be cross-claims, counter-claims, third-party claims, class action status, or joinder of any other parties to this action.

**6. Discovery.**

    **a. Initial Disclosures.** The plaintiff has made initial disclosures pursuant to Rule 26. The defendant

shall make initial disclosures no later than **May 25, 2011**.

  b. **Written Discovery and Depositions.** The parties shall depose all fact witnesses by no later than **November 30, 2011**. The parties shall serve all written discovery on or before **August 1, 2011**. Any discovery motion related to fact discovery shall be filed on or before **December 30, 2011**.

  c. **Disclosure of Expert Witnesses.** Plaintiff shall identify and disclose all expert witnesses and reports on or before **October 17, 2011**. Defendant shall identify and disclose all expert witnesses and reports on or before **December 2, 2011**.

  d. **Depositions of Expert Witnesses.** All depositions of expert witnesses shall be completed on or before **March 15, 2012**. Any motion relating to expert discovery (excluding motions in limine and/or Daubert motions) shall be filed on or before **March 30, 2012**.

  e. **Discovery Motions.** Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge. Counsel requesting the conference shall check with opposing counsel as to their availability before setting a time certain with the Court.

   **f.** **Interrogatories.** The number of Interrogatories either party may serve on the other shall be governed by Rule 33.01 of the Local Rules of Court and the Federal Rules of Civil Procedure.

  **7.** **Dispositive Motions.** The parties shall file all dispositive motions on or before **April 30, 2012**. All responses to dispositive motions shall be filed on or before **June 1, 2012**. Optional replies shall be filed on or before **June 15, 2012**. In the event a dispositive motion is filed prior to the deadline date for dispositive motions, any response shall be filed on or before **28 days** after the filing of the dispositive motion and replies to said response shall be filed on or before **14 days** following the filing of a response. Memoranda in support of Motions and Responses shall be limited to **25 pages** and any reply brief shall be limited to **five pages**, absent Court permission for longer pleadings.

  **8.** **Other Deadlines.** Any motion to amend pleadings or add parties shall be filed on or before **August 15, 2011**.

  **9.** **Subsequent Case Management Conference.** A subsequent case management telephone conference shall be held on **August 29, 2011,** at **1:00 p.m**. **To participate in the conference call, parties shall call 615-695-2851 at the scheduled time.**

  **10.** **Alternate Dispute Resolution.** By **August 24, 2011**, the parties shall file a joint status report indicating the status of any settlement discussions and their joint or respective

position on whether they should initiate or continue any settlement discussions and/or participate in ADR, and if so, at what point in the case.

**11. Magistrate Judge Status.** The parties do NOT consent to a trial before the Magistrate Judge.

**12. Target Trial Date and Pretrial Conference.** The parties estimate that this jury trial will take between three and four days, depending on what issues remain for trial. After consulting with Judge Nixon's courtroom deputy, this matter is set for trial on **October 23, 2012**, **at 9:00 a.m.** Judge Nixon will conduct the final pretrial conference on **October 12, 2012, at 10:00 a.m.** Judge Nixon will issue a separate order covering his requirements for the final pretrial conference and the trial.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge